UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Hamm, | ) C/A No. 9:13-771-RMG-BM |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| The State of South Carolina; John Magill, State Director, South Carolina Department of Mental Health, | ) |
| | ) |
| | ) |
| | ) |
| Respondents. | ) |

The instant Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, has been submitted to this Court by Petitioner, who alleges that he is a voluntarily committed patient in the Sexually Violent Predator Treatment Program ("SVP Treatment Program") of the South Carolina Department of Mental Health ("SCDMH"), who is currently in the custody of SCDMH in Columbia, South Carolina. Petitioner is proceeding *pro se* and *in forma pauperis*. Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with



liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). Nonetheless, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

After careful review and consideration of the Petition and materials submitted, the undersigned finds for the reasons set forth below that the § 2241 Petition submitted in this case should be summarily dismissed, without prejudice and without requiring Respondents to file a return.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner committed himself to the SVP Treatment Program on September 8, 2011. Petitioner alleges "I voluntarily committed myself for treatment before trial with the requirement of coming back in one year. I could not go against the falsification by Dr. Gehle in the state[']s evaluation against me, and my lawyer would not do anything about this information." Petition, ECF No. 1, p. 2. Petitioner further alleges "I voluntarily committed myself for treatment due to the fact [that] my lawyer would not take to the court the untruths in the state[']s evaluation done by Dr.

2



Gehle at the Department of Mental Health. So, based on this, I came here to study the law before going back to court, for the wrongs done unto me." Petition, ECF No. 1, p. 3.

Petitioner previously filed a § 2241 habeas petition in this Court challenging his confinement in the SVP Treatment Program.[1] In *Hamm v. Magill*, C/A No. 9:11-3098-RMG-BM (D.S.C.), Petitioner disclosed that he "maxed out" a twelve-year sentence for committing a lewd act on a child under the age of sixteen (a conviction entered in the Court of General Sessions for Berkeley County) in the summer of 2011. Petitioner stated that, six months prior to his scheduled release date from the South Carolina Department of Corrections ("SCDC") pursuant to his sentence of imprisonment for his 2011 conviction, he was apprised that he had been placed under an order to hold him after the expiration of his prison sentence because there was probable cause to believe that he was a sexually violent predator ("SVP"). Petitioner alleged that he was taken from SCDC to the Berkeley County Detention Center on July 1, 2011 to await trial pursuant to South Carolina's Sexually Violent Predator Act ("SVPA"), S.C. Code Ann. §§ 44-48-90 and 44-48-100, to determine whether he was an SVP who should be committed to the SCDMH for control, care, and treatment.

In C/A No. 11-3098, Petitioner indicated that he "voluntarily committed" himself into the SVP Treatment Program on September 8, 2011, "to save" his right to a jury trial. The grounds raised by Petitioner in C/A No. 11-3098 related to Petitioner's 2005 conviction, in the Berkeley County General Sessions Court, for committing a lewd act on a child under the age of sixteen. In C/A No. 11-3098, this Court determined that, because Petitioner had voluntarily committed himself

---

[1] *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

3



to SCDMH's SVP Treatment Program, he failed to meet the "in custody" requirement of § 2241. Furthermore, with respect to his challenge to his confinement under the SVPA, Petitioner had not proceeded through the statutory mechanism of the SVPA to exhaust his state court remedies prior to filing his habeas petition in C/A No. 11-3098.  Finally, with respect to his challenge to his 2005 criminal conviction, the Court found that, prior to July 1, 2011, Petitioner had been "in custody" pursuant to the judgment of a state court, and could not evade the procedural requirements, including the one-year period of limitation on a habeas action challenging a state court conviction and judgment, of 28 U.S.C. § 2254 by filing an action purporting to be a § 2241 petition.  Thus, Petitioner's § 2241 habeas petition in C/A No. 11-3098 was dismissed without prejudice and without requiring the respondent to file an answer or return.[2]

In the instant Petition, the grounds raised by Petitioner to challenge his current confinement in the SVP treatment program relate to Petitioner's June 14, 1999 conviction for

---

[2] In C/A No. 11-3098, this Court also found that Petitioner had filed two previous habeas corpus actions relating to his 2005 Berkeley County conviction for committing a lewd act on a child under the age of sixteen.  Petitioner's first habeas action relating to this 2005 conviction was *Hamm v. State of South Carolina, et al.*, C/A No. 0:06-2942-HMH-BM (D.S.C.), which was summarily dismissed without prejudice on November 21, 2006, for failure to exhaust state remedies. Petitioner's appeal in C/A No. 06-2942 was dismissed by the United States Court of Appeals for the Fourth Circuit on June 5, 2007.  *See Hamm v. South Carolina*, No. 06-8062, 235 F. App'x 974, 2007 WL 1655372 (4th Cir. June 5, 2007).  Petitioner's second habeas corpus action relating to his 2005 conviction was *Hamm v. State of South Carolina, et al.*, C/A No. 0:07-0826-HMH-BM (D.S.C.), which was summarily dismissed without prejudice on June 4, 2007, again for failure to exhaust state remedies.  Petitioner's appeal in C/A No. 07-0826 was dismissed by the United States Court of Appeals for the Fourth Circuit on November 29, 2007.  *See Hamm v. South Carolina*, No. 07-7021, 256 F. App'x 602, 2007 WL 4232975 (4th Cir. Nov. 29, 2007).  This Court also found that Petitioner had previously filed another habeas corpus action, *Hamm v. Warden Ridgeland Correctional Institution*, C/A No. 9:09-1297-HMH-BM (D.S.C.), which concerned a conviction for indecent exposure entered in the Court of General Sessions for Charleston County on January 16, 2003. Summary judgment was granted to the respondent in C/A No. 09-1297 on April 15, 2010.  *See Hamm v. Warden*, C/A No. 9:09-1297-HMH-BM, 2010 WL 1542174 (D.S.C. April 15, 2010).  No appeal was filed.



committing a lewd act on a minor, entered in Dorchester County General Sessions Court following Petitioner's alleged uncounseled plea of nolo contendere. In addition to challenging the constitutionality of his plea, Petitioner alleges that the South Carolina "Statute for Lewd Act Upon A Minor, S.C. [Code] Ann. § 16-15-140 is unconstitutionally 'moot' as to the offense charged," and that he was denied due process and equal protection based on the assistant solicitor's violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. Petition, ECF No. 1, p. 8. Petitioner alleges that he did not file a direct appeal of his 1999 lewd act on a minor conviction and sentence (three years imprisonment suspended upon five years probation), but filed applications for post-conviction relief ("PCR") in Dorchester County Common Pleas Court, in C/A No. 2009-CP-18-1245, which was dismissed in April 6, 2010, and in C/A No. 2011-CP-18-2178, which was dismissed on June 27, 2012. Petitioner alleges that, in C/A No. 2009-CP-18-2178, he "filed a petition for permission of Leave File Motion from Final Judgment August 8th 2012 then on November 1 2012 filed a petition to have Petition for Writ of Certiorari. On January 10, 2013 a final order of dismissal was issued." Petition, ECF No. 1, p. 9.

## DISCUSSION

A petitioner may satisfy the "in custody" requirement for habeas corpus relief if he can show that there are impediments significantly restraining his liberty to do those things that free persons are entitled to do. *See Walker v. State of N. C.*, 262 F. Supp. 102, 105 ( W.D. N.C. 1966) (petitioner must show that he suffers from a restraint "not shared by the public generally"). This Court has previously determined, in *Treece v. McGill*, C/A No. 08-3909, 2010 WL 3781695 at * 4 (D.S.C. Sept. 21, 2010) that "[a] civilly committed individual under the SVP Act most closely resembles the custody status of a pre-trial detainee," quoting *LaSure v. Doby*, No. 06-1527, 2007 WL



1377694 at * 5 (D.S.C. May 8, 2007), and in the pre-trial detainee and/or "involuntary" civil commitment of mental evaluation/treatment areas, the federal habeas corpus statute most appropriately to be applied is 28 U.S.C. § 2241. *See, e.g., U. S. v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (pretrial detainee area); *Miller v. Blalock*, 356 F. 2d 273 (4th Cir. 1966) (involuntary commitment for mental treatment); *Gaster v. South Carolina Dep't of Corr.*, 67 F.Appx. 821 (4th Cir. 2003). However, while it appears that Petitioner may now be asserting that he is being held against his will[3] and is seeking release through this Court's issuance of a writ of habeas corpus, Petitioner also concedes that he voluntarily committed himself to SCDMH's SVP treatment program, and Petitioner has failed to provide the Court with sufficient information as to whether state court proceedings, if any, have been held regarding Plaintiff's commitment, and/or whether there is any state court order now requiring Plaintiff to be civilly committed. The Court has previously held that, as a voluntarily committed patient of the SVP Treatment Program, Petitioner was not "in custody" for purposes of obtaining federal habeas relief. See Hamm v. Magill, No. 11-3098, 2012 WL 393632 at * 1 (D.S.C. Feb. 6, 2012).

Further, even assuming arguendo that Petitioner can satisfy the "in custody" requirement, a writ of habeas corpus under 28 U.S.C. § 2241 can be sought only after a petitioner has exhausted his state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999)

---

[3] A person who has been adjudicated an SVP "must be committed to the custody of the Department of Mental Health for control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that the person is safe to be at large and has been released pursuant to this chapter [*i.e.* S.C. Code Ann. § 44-48-10 *et seq*.]." S.C. Code Ann. § 44-48-100(A). Petitioner does not specifically ask to be released from SCDMH's custody, but a prayer for such relief is clearly implied. Petitioner asks that this Court grant the following relief: "To see the truth to the matter asserted and see that the forgoing is in violation of the petitioner's Due Process and Equal Protection rights under the U.S. Const. 5th 6th and 14th amendments, also Art. I § 3, Art. I § 12 and Art. 1 § 14 of the S.C. Const., as a Matter of Law." Petition, ECF No. 1, p. 9.

6



("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas corpus petition."); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973) (exhaustion required under 28 U.S.C. § 2241). It is clear on the face of his Petition that Petitioner has not exhausted his state court remedies to challenge his continued confinement under the SVPA. Pursuant to S.C. Code Ann. §§ 44-48-110, 44-48-120, and 44-48-130, there is a comprehensive system of SCDMH and state court review by which a committed person, *i.e.* an SVP, is provided with an annual hearing to review his status. The committed person is permitted to petition the state court for release at this hearing. If the court determines that probable cause exists to believe that the committed person is safe to be at large and, if released, is not likely to commit acts of sexual violence, the court must schedule a trial on the issue. At the trial, the Attorney General must represent the State and has the right to have the committed person evaluated by qualified experts chosen by the State. The trial must be before a jury if requested by either the person, the Attorney General, or the Solicitor. The burden of proof at the trial is upon the State to prove beyond a reasonable doubt that the committed person is not safe to be at large and, if released, is likely to engage in acts of sexual violence. *See* S.C. Code Ann. § 44-48-110.

Petitioner has failed to allege that he has petitioned the Berkeley County Common Pleas Court for release and that his petition was denied with or without a hearing and/or a trial. Further, as with an initial trial and adjudication of SVP status, if the civilly committed person does not prevail at the trial level, the State of South Carolina provides appellate judicial review of all findings made by the civil trial judge under the SVPA. The appellate review of the Court of



Common Pleas' final civil commitment determination is generally conducted by the South Carolina Court of Appeals, *White v. State*, 375 S.C. 1, 649 S.E.2d 172 (S.C. Ct. App. 2007); although this review may also be conducted by the Supreme Court of South Carolina upon certification from the South Carolina Court of Appeals. *See Care & Treatment of Beaver v. State*, 372 S.C. 272, 642 S.E.2d 578, 579, 580 n.2 (2007); and Rule 204(b), SCACR. Petitioner has failed to allege that, if he received an adverse result at trial, he unsuccessfully appealed that decision to the South Carolina Court of Appeals.

Because Petitioner has not proceeded through the statutory mechanism of South Carolina's SVPA, he has not exhausted his state court remedies. *See Michau v. Joan W. Warden, 9th Circuit Solicitor's Office*, Civil Action No. 2:11-0286-RMG-BM, 2011 WL 4943631,*2 (D.S.C. Oct. 17, 2011) ("Plaintiff's avenue of appeal of this determination is in state court and not in this Court."), adopting the undersigned's Report and Recommendation earlier reported at 2011 WL 4943822 (D.S.C. Sept. 14, 2011). *See also Jordan v. McMaster*, Civil Action No. 8:09-0051-CMC-BHH, 2010 WL 419928, *3 (D.S.C. Jan. 29, 2010) ("Therefore, as Petitioner cannot establish cause and prejudice for his failure to exhaust his state court remedies, consideration of the merits of this petition is foreclosed."). Accordingly, this Court lacks jurisdiction to entertain Petitioner's § 2241 Petition at this time.

Finally, to the extent Petitioner also seeks to challenge his June 14, 1999 conviction for lewd act on a minor entered in the Dorchester County General Sessions Court following Petitioner's alleged uncounseled plea of nolo contendere, the Petition should be summarily dismissed because under Rule 2 of the Rules Governing Section 2254 cases in the United States District Courts (applicable to § 2241 habeas cases pursuant to Rule 1(b) of the Rules Governing



Section 2254 Cases), "a petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." Furthermore, even if Petitioner had brought this challenge in a separate petition, a writ of habeas corpus can only be sought after a petitioner has exhausted his state court remedies. *See O'Sullivan*, 526 U.S. at 842; *Braden*, 410 U.S. at 490-491. Since there has been no showing that Petitioner has exhausted his state court remedies with respect to his 1999 conviction, the petition would also be dismissed for that reason.

## RECOMMENDATION

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed without prejudice. Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

May 24, 2013
Charleston, South Carolina



### Notice of Right to File Objections to Report and Recommendation

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

