IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Michael Hamm, | ) |
| Petitioner, | ) |
| vs. | ) No. 9:13-cv-771-RMG |
| The State of South Carolina; John Magill, State Director, South Carolina Department of Mental Health, | ) **ORDER** |
| Respondents. | ) |

Petitioner Michael Hamm, who is currently housed within the Sexually Violent Predator Treatment Program facility run by the South Carolina Department of Mental Health in Columbia, South Carolina, filed this matter seeking habeas relief *pro se* on March 19, 2013. (Dkt. No. 1). Pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) DSC, this case was assigned to a Magistrate Judge. Under established local procedure in this judicial district, the Magistrate Judge conducted an initial review of this petition. As a result of that review, on May 24, 2013, the Magistrate Judge issued a Report and Recommendation, ("R&R"), recommending that this petition be dismissed without prejudice due to Petitioner's failure to exhaust available state remedies. (Dkt. No. 12). Petitioner timely filed objections to the R&R. (Dkt. No. 16).

**Legal Standard**

The Magistrate Judge screened this action to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts; *see also id.* Rule

1(b) (permitting application of these rules to § 2241 petitions).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," and is required to make a *de novo* determination on those portions of the R&R to which specific objection has been made. 28 U.S.C. § 636(b)(1). Further, in reviewing this matter, the Court is mindful of its charge to construe liberally the pleadings of this *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003).

## Discussion

As the Magistrate Judge noted, the petition itself left unclear whether Petitioner's commitment is voluntary or involuntary. (Dkt. No. 12 at 5–6). In the pleading, Petitioner states that, at some point "before a trial," he voluntarily committed himself into the State's Sexually Violent Predator Treatment Program. (Dkt. No. 1 at 2). To the extent that he was voluntarily committed, of course, he would not have been "in custody" and habeas review would have been inapposite. *See Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). In his objections to the R&R, though, Petitioner clarifies that he is "in custody" after waiving his right to contest his civil commitment pursuant to South Carolina's Sexually Violent Predator Act, ("SVPA"), S.C. Code § 44-48-10 *et seq.* (Dkt. No. 16-1). Thus, Petitioner challenges his involuntary civil commitment by the State.

As a result, this petition is properly construed as a request for habeas relief made pursuant to 28 U.S.C. § 2241. *See Gaster v. S.C. Dep't of Corrs.*, 67 F. App'x 821 (4th Cir. 2003); *see also, e.g., Perkins v. Sauvaine*, C/A No. 6:12-1085-TMC-JDA, 2012 WL 2874043, at *2 n.3 (D.S.C. June

1, 2012), *adopted by* 2012 WL 2883826 (D.S.C. July 13, 2012). The exhaustion of available state law remedies is generally a prerequisite for seeking such habeas relief. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 488–89 (1973); *see also Perkins*, 2012 WL 2874043, at *2 n.3; *Atkins v. Thompson*, C/A No. 6:11-2376-MBS, 2011 WL 6012540, at *1 (D.S.C. Nov. 30, 2011); *Smith v. Blanton*, C/A No. 8:09-1506-HFF-BHH, 2009 WL 1922301, at *2 (D.S.C. June 30, 2009).

As the Magistrate Judge correctly explained, the SVPA entitles an individual civilly committed under the statute to a "probable cause" determination by a state judge and an evaluation by professional specialists, as well as the opportunity to challenge the results of that process at trial and, if necessary, on appeal. *See Smith*, 2009 WL 1922301, at *2 (citations omitted). It is clear on the face of the petition that Petitioner has not exhausted these state procedures for challenging his continued confinement under the SVPA. *See Smith*, 2009 WL 1922301, at *2 ("Although . . . the level of evaluation under the SVP Act where Petitioner is at this time is not clear, . . . it does appear clear that Petitioner has not proceeded through all available state court remedies relative to his SVP status at this time."). Moreover, Petitioner has not shown those "most narrow and extraordinary of circumstances" that could justify federal intrusion into what may well be ongoing state judicial proceedings. *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (citing *Younger v. Harris*, 401 U.S. 37, 43–44, 54 (1971)); *see Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (setting forth the relevant test for determining whether prudential considerations counsel against the exercise of federal habeas power).

In his objections to the R&R, Petitioner emphasizes that he in fact challenges his "uncontested guilty plea" which resulted in his 1999 conviction in Dorchester County, South Carolina. (Dkt. No. 16 at 1). Specifically, he disputes the constitutionality of his original plea, the

use of that conviction for purposes of a subsequent sentencing enhancement, and the consideration of that plea in relation to his SVPA commitment. (*Id.*). The Court adopts the Magistrate Judge's analysis recommending dismissal of that claim for failure to exhaust available state remedies as well. (Dkt. No. 12 at 8–9).

The Court can thus only conclude that it "plainly appears from the petition and . . . attached exhibits that the petitioner[, Michael Hamm,] is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

## Conclusion

Accordingly, the Court ADOPTS the Magistrate Judge's Report and Recommendation as the Order of the Court and DISMISSES this action, without prejudice and without requiring Respondents to file a return.

## Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED.**

**AND IT IS SO ORDERED.**

*[signature]*

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
June 18, 2013